IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **TEE TURTLE, LLC,** | : |
| | : Case No. 2:21-CV-01771 |
| **Plaintiff,** | : |
| | : CHIEF JUDGE ALGENON L. MARBLEY |
| v. | : |
| | : Magistrate Judge Chelsey M. Vascura |
| | : |
| **CHRISTINA SWARTZ,** | : |
| | : |
| **Defendants.** | : |
| | : |

### **OPINION & ORDER**

### I. INTRODUCTION

Before this Court is Plaintiff Tee Turtle, LLC and Defendant Christina Swartz's Joint Motion for Permanent Injunction. (ECF No. 6). Having considered the parties' submission, including the Verified Complaint, the Parties' Motion for a Permanent Injunction Order is **GRANTED**. (*Id.*).

### II. BACKGROUND

Plaintiff Tee Turtle designs and markets various consumer goods, including reversible plush toys; of these, the Reversible Octopus Plushies is central to the dispute. Tee Turtle owns a federal copyright registration protecting the work of authorship embodied in the Reversible Octopus Plushies. Registration Number VA 2-103-871, which has an effective date of September 21, 2017. The copyright application for this registration contained a "deposit copy" of the work of authorship as follows:

1

 

(ECF No. 1, ¶ 15).

Defendant does not dispute that the registration is valid. Tee Turtle's Reversible Octopus Plushies have a distinctive design comprised of a generally spherical-shaped body, tentacles protruding from the spherical body, and are reversible from one configuration to a second configuration. Each configuration has different features, such as a different color, pattern, or texture fabric, and a different facial expression. These distinctive features are non-functional components of Tee Turtle's Reversible Octopus Plushies. The Reversible Octopus Plushies have been the number one bestselling toy on Amazon.com in multiple categories.

Defendant sells reversible plush toys ("Infringing Plushies") that are nearly identical copies of Tee Turtle's popular Reversible Octopus Plushies on Amazon.com and through her online business, Christian Book and Toys LLC (https://christianbookandtoys.com), which is located at P.O. Box 125, Norwich, Ohio 43767, as seen below:

2



The parties stipulate that some of Defendant's customers who viewed Defendant's Infringing Products on Amazon may have believed that they were Tee Turtle's Reversible Octopus Plushies. Tee Turtle has not authorized or given permission for Defendant to copy, display, advertise, or sell in commerce the Infringing Products. (*Id.* ¶ 61).

On March 17, 2021, as part of its routine intellectual property monitoring efforts, Tee Turtle notified Amazon under 17 U.S.C. § 512(c)(3) of the Digital Millennium Copyright Act ("DMCA") that an online store named "biblebanz" was selling Infringing Products on Amazon under the Amazon Standard Identification Number B08YLSNNQX in violation of Tee Turtle's rights. (*Id.* ¶ 64). Consistent with its obligations under the DMCA, Amazon responded by de-listing Defendant's Infringing Products and prevented Defendant from further selling Infringing Products on Amazon. (*Id.*).

On March 29, 2021, Tee Turtle received a copy of a counter-notification served under 17 U.S.C. § 512(g)(3) of the DMCA from Defendant addressed to Amazon's legal department. (*Id.* ¶ 65). The counter-notification—which Defendant sent to Amazon for the purpose of re-listing the Infringing Products—contained material misrepresentations in violation of 17 U.S.C. § 512(f) of

the DMCA. (*Id.*).

First, the counter-notification falsely and with no evidence or elaboration claims that Tee Turtle's Reversible Octopus Plushie "is not copyrighted, or the copyright has expired in the United States of America." (*Id.* ¶ 66).

Second, the counter-notification falsely claims that Tee Turtle "has provided no copyright registration information or other tangible evidence that the material in question is in fact copyrighted." (*Id.* ¶ 67). To the contrary, Tee Turtle's notification expressly recites Copyright Registration Number VA 2-103-871, as well as the numbers of several U.S. Design Patents. (*Id.*).

Third, the counter-notification falsely and with no evidence or elaboration claims "complainant does not hold the copyright to the material in question, is not the designated representative of the copyright holder, and therefore lacks standing to assert that my use of the material is a violation of any of the owner's rights." (*Id.* ¶ 68). To the contrary, Tee Turtle owns Copyright Registration Number VA 2-103-871. (*Id.*).

Fourth, the counter-notification falsely claims that Tee Turtle's "complaint does not follow the prescribed form for notification of an alleged copyright violation" under the DMCA and enumerates several purported deficiencies. (*Id.* ¶ 69). Specifically, Swartz's counter-notification alleges that: (1) Tee Turtle did not include an electronic signature from a Tee Turtle representative; (2) that Tee Turtle did not identify the copyrighted work claimed to be infringed; (3) that Tee Turtle did not provide a URL to the specific Infringing Products; (4) that Tee Turtle did not provide sufficient information for Swartz to identify Tee Turtle; and (5) that Tee Turtle did not provide a written statement that Tee Turtle has a good faith belief that the Infringing Products were not authorized by Tee Turtle. (*Id.*). None of that is true, as is clear from Tee Turtle's DMCA takedown notification. (*Id.*).

Finally, the counter-notification includes the following attestation: "I declare, under penalty of perjury, that I have a good faith belief that the complaint of copyright violation is based on mistaken information, misidentification of the material in question, or deliberate misreading of the law." (*Id.* ¶ 70). Given the false and misleading statements noted above, this attestation was itself a misrepresentation. (*Id.*).

### III. STANDARD OF REVIEW

A party seeking a permanent injunction must establish each of the following four elements: (1) actual success on the merits; (2) a substantial threat that it will suffer irreparable injury without the relief requested; (3) balance of the hardships; and (4) that the injunction will serve the public interest. *Citizens for Community Values, Inc. v. Upper Arlington Public Library Bd. of Trustees*, No. 2008 WL 3843579, 16 (S.D. Ohio 2008); *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987) (stating that the standard for granting a permanent injunction is "essentially the same," as that for a preliminary injunction, except that a plaintiff must demonstrate actual success on the merits rather than a mere likelihood of success); *see also Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 432 (6th Cir. 2004) (outlining the standard for a preliminary injunction).

Plaintiff asks the Court to enjoin Defendant from further copyright infringement. It is well established "that a showing of past infringement and a substantial likelihood of future infringement justifies issuance of a permanent injunction." *Bridgeport Music, Inc. v. Justin Combs Pub.*, --- F.3d ----, 2007 WL 3010525, at *16 (6th Cir. 2007) (citing Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 14.06(B) (2007)). Not "only is the issuance of a permanent injunction justified when a copyright plaintiff has established a threat of continuing infringement, he is entitled to an injunction." *Bridgeport Music*, 2007 WL 3010525, at *16 (citing *Walt Disney Co. v.*

5

*Powell*, 897 F.2d 565, 567 (Fed. Cir. 1990)). Otherwise, awarding damages without injunctive relief would amount to a "to a forced license to use the creative work of another." *Silverstein v. Penguin Putnam, Inc.*, 368 F.3d 77, 84 (2d Cir. 2004). Defendant concedes that injunctive relief is appropriate in this case.

### IV.   LAW & ANALYSIS

#### A. Actual Success on the Merits

Plaintiff Tee Turtle has a valid and subsisting copyright in the Reversible Octopus Plushies. Defendant's Infringing Products copy protectable elements of Tee Turtle's copyrighted Reversible Octopus Plushies. Defendant's public display and distribution of the Infringing Products constitutes infringement of Tee Turtle's exclusive rights in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501. As a result of: (1) Tee Turtle's continuous use of its trade dress since 2017; (2) Tee Turtle's extensive marketing efforts; (3) social media and other online videos that connect Tee Turtle with the Reversible Octopus Plushies; (4) millions of consumer impressions of those videos; (5) actual confusion among consumers of Defendant's Infringing Plushies; and (6) the substantial commercial success of the Reversible Octopus Plushies, the Reversible Octopus Plushies have achieved acquired distinctiveness in the marketplace. Consequently, Tee Turtle has protectable trade dress rights in the overall appearance of the Reversible Octopus Plushies. Defendant's Infringing Products are virtually identical to Tee Turtle's trade dress and create a likelihood of confusion between Defendant's Infringing Products and Tee Turtle's Reversible Octopus Plushies.

Defendant acknowledges that she filed the above-referenced DMCA counter-notification after copying and pasting it from a form that she found on the internet. Tee Turtle is entitled to injunctive relief under 17 U.S.C. § 502 and 15 U.S.C. § 1116.

### B.  Irreparable Harm

Tee Turtle is entitled to a rebuttable presumption of irreparable harm upon a finding of a violation or likely violation of the Lanham Act pursuant to 15 U.S.C. § 1116(a). A permanent injunction is necessary to protect Tee Turtle's interests in its copyright and trade dress rights and to prevent Defendant from marketing his Infringing Plushies that copy Tee Turtle's copyright or are confusingly similar to Tee Turtle's trade dress.

### C.  Balance of the Equities

Plaintiff Tee Turtle has also established the third element, i.e., a balance of hardships weighing in their favor. This Court has already described the substantial costs exacted by Defendant's trademark infringement and need not recapitulate them in detail here. It suffices to say that Tee Turtle has its own claims of hardship—a fact that Defendant does not contest.

In determining whether injunctive relief is appropriate, "courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Klein v. City of San Clemente,* 584 F.3d 1196, 1199–1200 (9th Cir. 2009) (internal citation omitted). Here, a permanent injunction in favor of Plaintiff would serve the narrow purpose of "prevent[ing] or restrain[ing]" further infringement of Tee Turtle's copyright. *Id.* Since Defendant does not (and cannot) claim any legitimate hardships as a result of being enjoined from committing unlawful activities, and Tee Turtle would suffer irreparable and immeasurable harms if an injunction were not issued, this factor weighs strongly in favor of Tee Turtle's motion. Generally, defendants do not suffer hardship when required to comply with the law and avoid copyright infringement.

7

### D. Public Interest

Without an injunction, Tee Turtle would suffer harm to its goodwill and face unfair competition from unauthorized copies of its Reversible Octopus Plushies. Further, without an injunction, consumers will likely be confused or deceived with respect to Defendant's Infringing Plushies. Thus, the public interest is served by a permanent injunction because it will help protect against future consumer confusion and deception. There are no just reasons to delay entry of this permanent injunction. Tee Turtle has met the factors for determining whether to issue a permanent injunction and the terms of the injunction set forth below are reasonable under these facts and circumstances.

## V.     CONCLUSION

The parties, wishing to avoid the expense, uncertainty, inconvenience, and other burdens of litigating the above-entitled action, agree to the settlement of their dispute and hereby stipulate to the entry of this Permanent Injunction Order and Final Judgment. It is hereby **ORDERED** as follows:

A. Judgement is hereby entered in favor of Tee Turtle on its claims against Defendant with respect to the Infringing Products.

B. Each party has waived the right to appeal from this Permanent Injunction Order and Final Judgment, and each party will bear its own fees and costs in connection with this action. Tee Turtle hereby relinquishes claims for monetary relief it may have against Defendant based on the conduct described above.

C. Pursuant to Fed. R. Civ. P. 65, Defendant and her agents, servants and employees, and all persons in active concert or participation with her are hereby permanently enjoined from: (1) manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, displaying,

advertising or promoting the Infringing Products sold by Defendant on Amazon.com or through Christian Book and Toys LLC (https://christianbookandtoys.com); (2) manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, displaying, advertising or promoting any products that have a design that is substantially similar to Tee Turtle's Reversible Octopus Plushies as reflected in the copyrighted work registered under Registration Number VA 2-103-871; (3) manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, displaying, advertising or promoting any products that are confusingly similar to Tee Turtle's trade dress embodied in the Reversible Octopus Plushies; (4) filing an application with the U.S. Copyright Office to register a copyright in any work that is substantially similar to Tee Turtle's Reversible Octopus Plushies; (5) filing an application with the United States Patent & Trademark Office to register any trade dress that is confusingly similar to Tee Turtle's trade dress in the Reversible Octopus Plushies; (6) assisting, aiding, or abetting any person or entity engaging in or performing any act prohibited by paragraphs C (1)-(5) of this Order.

D. Within ten (10) days after this Court enters this Permanent Injunction Order and Final Judgement, Defendant shall (at Tee Turtle's election) destroy or surrender to Tee Turtle for destruction Defendant's remaining inventory of the Infringing Products.

E. Within ten (10) days after this Court enters this Permanent Injunction Order and Final Judgement, Defendant shall disclose to Tee Turtle (either in a sworn declaration or through a deposition at Tee Turtle's election) information sufficient to identify: (1) Defendant's supplier(s) of the Infringing Products; and (2) the quantity of Infringing Products purchased by Defendant from the supplier(s).

F. This Court shall retain jurisdiction for the purpose of making any further orders necessary and proper for the construction or modification of this Permanent Injunction Order and

Final Judgment, the enforcement thereof, and/or the punishment for any violations thereof.

G. This Stipulated Judgment applies to and binds all parties who are in active concert or participation with Defendant as provided in Federal Rules of Civil Procedure 64.

H. This Action is hereby **DISSMED WITH PREJUDICE**.

**IT IS SO ORDERED.**

                                                  **s/ Algenon L. Marbley**
                                                  **ALGENON L. MARBLEY**
                                                  **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: June 9, 2021**